# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Maria Villa-Cortez, Xochitl Vargas, and Agustina Trujillo-Villegas individually and on behalf of other employees similarly situated, Plaintiffs<br>v.<br>Altak, Inc. and Miko Kabeshita, individually, Defendants | Case No. 1:15-cv-00725<br>Judge: Hon. Robert M. Dow, Jr.<br>Magistrate: Hon. Sheila Finnegan |

### DECLARATION OF MARK PATTON RE: NOTICE PROCEDURES

I, Mark Patton, declare as follows:

1. I am employed as Senior Director, Operations of Settlement Services, Inc. ("SSI") located at 2032D Thomasville Road, Tallahassee, Florida. SSI was appointed as the Settlement Administrator in this matter and is not a party to this action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently hereto.

2. On July 25, 2016, SSI received from Defendants' counsel, a list of two hundred and eighty eight (288) persons identified as the Class List. The Class List included names, last known addresses, and the last known telephone numbers of Class Members.

3. On August 26 2016, SSI caused the Notice of Class Action Settlement ("Notice") to be formatted, printed, and mailed to the two hundred and eighty eight (288) Class Members in the Class List. A true and correct copy of the Notice is attached hereto as Exhibit A.

4. Since mailing the Notices to the Class Members, SSI received forty seven (47) Notice Packets returned by the USPS with undeliverable addresses.

5. The postmark deadline for Class Members to request to be excluded from the class was September 30, 2016. As of the date of this declaration, SSI received one (1) request for exclusion from Rosemary Campos.

6. The deadline for Class Members to serve written objections was September 30, 2016. As of the date of this declaration, SSI has received one (1) objection from Erminia Guerrero without explanation of her objection's basis.

7. Based on calculations provided by Plaintiff's counsel, the lowest Settlement payment is $1.28, the average Settlement payment is $724.06, and the largest Settlement payment is $13,382.82.

8. SSI currently estimates its total cost of administration to be $13,850.00. This amount includes costs to date as well as through the completion of this matter.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 7th day of October 2016 at Tallahassee, Florida.

_____
Mark Patton

# EXHIBIT A

**NOTICE OF CERTIFICATION OF CLASS, PROPOSED SETTLEMENT, PRELIMINARY COURT APPROVAL OF SETTLEMENT, AND HEARING DATE FOR FINAL COURT APPROVAL**

**TO: All persons who performed services for Defendants as Homeworkers between January 24, 2012 and June 29, 2016.**

**Please read this Notice carefully, it may affect your legal rights to wages from working for Altak, Inc. and Miko Kabeshita ("Altak" or "Defendants").**

**If you wish to participate in the settlement of this class action and receive a settlement award, you do not need to do anything, except possibly to update your mailing address with the Settlement Administrator to ensure it has a correct mailing address for you.**

**If you wish to comment in favor of the settlement, object to the settlement, or if you decide not to participate in the settlement, you must follow the directions in this notice.**

**If you intend not to participate in the settlement, you must submit a written statement to the Settlement Administrator requesting exclusion from the Class on or before September 30, 2016. Your written request for exclusion must contain your name, address, telephone number, and the last four numbers of the social security number you used while performing services as a Homeworker for Altak. If you do not submit a written request for exclusion, you will be bound by the Settlement.**

The United States District Court for the Northern District of Illinois, Eastern Division (the "Court"), authorized this Notice. A proposed settlement (the "Settlement") was reached between the parties in the class action brought on behalf of the following individuals (the "Class"):

All persons who performed services for Defendants as Homeworkers between January 24, 2012 and June 29, 2016.

The Court has preliminarily approved the Settlement and conditionally certified the Class for purposes of the Settlement only. You have received this notice because Altak's records indicate that you are a member of the Class.

This notice is designed to inform you of how you can comment in favor of the Settlement, object to the Settlement, or elect not to participate in the Settlement. Unless you elect not to participate in the Settlement, if finally approved by the Court, the Settlement will be

binding upon you, even if you object to the Settlement.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| **PARTICIPATE** | If you want to participate in the Settlement and receive a portion of the Settlement money, you do not need to do anything. In exchange for participating, you will release the claims resolved by this Settlement, as explained below. |
| **EXCLUDE YOURSELF** | If you want to exclude yourself from the settlement and not receive any portion of the Settlement money, you *must* submit a written statement to the Settlement Administrator requesting to exclude yourself from the Settlement. The request must include your name, address, telephone number, and the last four numbers of the social security number you used while working as a Homeworker for Altak. |
| **OBJECT** | You may file an objection with the Clerk of the Court if you wish to challenge this Settlement. A copy of your objection *must* also be delivered to the Settlement Administrator. |
| **ATTEND FAIRNESS HEARING** | You may ask to speak in Court about the fairness of the Settlement, but you are not required to do so to participate in the Settlement. You must submit a written request to appear in Court to the Clerk of the Court. A copy of your request *must* also be delivered to the Settlement Administrator. |

## I.   BACKGROUND OF THE CASE

On January 24, 2015, Named Plaintiffs Maria Villa-Cortez, Xochitl Vargas, and Agustina Trujillo-Villegas ("Named Plaintiffs" or "Class Representatives"), filed this Action in the United States District Court for the Northern District of Illinois, Eastern Division, on behalf of themselves and others similarly situated, against Altak and currently titled *Maria Villa-Cortez, Xochitl Vargas, and Agustina Trujillo-Villegas, individually and on behalf of all other employees similarly situated v. Altak, Inc. and Miko Kabeshita,* Case No. 15-C-00725.

Named Plaintiffs allege that Defendants violated the Illinois Minimum Wage Law (IMWL) and Fair Labor Standards Act (FLSA) by not paying Homeworkers minimum wages and overtime wages if they worked more than 40 hours in a week. Defendants deny these allegations. Defendants allege that they properly classified Homeworkers as independent contractors and were not employees of Altak.

After litigation and good-faith negotiations, in which both sides recognized the substantial risk of an adverse result in the Action, the Named Plaintiffs and Defendants agreed to settle the Action pursuant to the terms and conditions of the Settlement.

The Named Plaintiffs and their counsel have concluded that the Settlement is advantageous, considering the risks and uncertainties to each side of continued litigation. The Named Plaintiffs and their counsel have determined that the Settlement is fair, reasonable, adequate, and is in the best interests of the members of the Class. As a member of the Class, you may participate in the Settlement and share in the proceeds to be paid under the Settlement unless you elect to exclude yourself as a Class Member.

II.  **SUMMARY OF THE SETTLEMENT**

The Settlement provides for the following:

   A.   **Who Is Included in the Settlement?**

You are included in the Settlement if you meet all of the conditions set forth in the beginning of this notice because you are a member of the Class, which is defined in this Notice.

   B.   **What Will I Receive from the Settlement?**

Defendants have agreed to pay $363,000 (hereinafter "Settlement Fund") to settle this Action. The Settlement Fund will be allocated as follows: (i) payment of minimum and overtime wages, liquidated damages, interest, and other penalties alleged to be owed to Class Members

who do not exclude themselves; (ii) the Class Representatives' Service Payments (explained below); (iii) Plaintiffs' attorneys' fees and costs not to exceed $109,000; and (iv) settlement administration fees and costs not to exceed $14,000.

The Net Settlement Fund will equal the Settlement Fund minus attorneys' fees and costs, the Class Representatives' Service Payments, and the claims administration fees and costs. Altak separately will pay the employer's share of all applicable federal and state taxes on the back overtime wages paid to Class Members.

### C.     When Will I Get Paid?

The awards described above will be paid approximately forty-four (44) days after final approval by the Court of the Settlement, and after all rights to appeal or review are exhausted, or any appeal or review has been resolved in favor of the Settlement.

### D.     How Was My Individual Settlement Award Calculated?

a.     Your share of the Net Settlement Fund was calculated based upon the number of weeks you worked as a Homeworker and were classified as independent contractors between January 24, 2012 to June 29, 2016 and your total monthly compensation during those weeks. Your portion of the Net Settlement Fund is based on dividing your total monthly compensation that Altak paid to you by an average of 48.8 hours per week to obtain an hourly rate. Minimum wage damages (if any) were calculated by multiplying the number of hours worked each month (up to the cap of 280 hours) times the difference between the hourly rate and the Illinois minimum wage of $8.25 per hour.  Overtime damages (if any) will be calculated by subtracting 160 hours (capped at 280 hours per month) from the Hourly Rate, then multiplying that number by $12.38 (the applicable overtime rate in Illinois).

  E.  **How Do I Participate in the Settlement?**

  In order to participate in the Settlement and receive a portion of the Settlement Fund, you do not need to do anything. If the Court grants Final Approval of the Settlement, the Settlement Administrator will mail you your Settlement Award in the form of a check. See page 7 of this Notice for instructions on updating your mailing address.

  F.  **What if I do not want to participate?**

  You will be automatically included in the Settlement unless you elect not to participate, in which case you will not receive any portion of the Settlement money. In order to elect not to participate in the Settlement and not receive any Settlement money, you ***must*** submit a written statement to the Settlement Administrator requesting to exclude yourself from the Settlement. The written statement must include your name, address, telephone number, and the last four numbers of the social security number you used while performing services for Altak. The written request for exclusion must be postmarked no later than September 30, 2016.

  G.  **Who is Administrating the Settlement?**

  The firm Settlement Services, Inc., PO Box 10069, Tallahassee, Florida 32302-2069, (855) 401-0042, is administering the settlement.

  H.  **What Claims Are Being Released?**

  If you do not exclude yourself from the Settlement, you will release all claims you may have against both Defendants relating to allegations that you were not properly paid minimum wage and overtime wages when you performed work as a Homeworker for Altak, under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL")*,* the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA"), including but not limited to any claims for interest, and liquidated

damages, for the time you performed work as a Homeworker and were classified as an independent contractor between January 24, 2012 and June 29, 2016.

### I. Class Representative and FLSA Opt-In Plaintiffs' Enhancement Awards:

In addition to his/her share as a Class Member, Class Representatives will receive a payment of $10,000 to be paid for their time and effort spent conferring with Plaintiffs' Counsel, filing and pursuing the Action, and in recovering wages on behalf of all Class Members. This Service Payment shall be paid to the Class Representative from the Settlement Fund.

### J. Attorneys' Fees and Costs:

Class Counsel identified below will seek approval from the Court for a payment of attorneys' fees and costs in the amount of no more than one third (1/3) of the Settlement Fund ($109,000), which if approved by the Court will be paid by Defendants out of the $363,000 Settlement Fund. Class Counsel believes the amount for attorneys' fees and costs requested is fair and reasonable.

### K. Costs of Administration:

All costs of administering the settlement, including the Settlement Administrator's Fees and Expenses in an amount not to exceed $15,000, will be paid from the $363,000 Settlement Fund.

### L. *Cy Pres* Distribution

If you do not elect to exclude yourself from the Settlement, a settlement payment will be mailed to you. You will have 180 days to cash your settlement payment. If you fail to cash your settlement payment within 180 days, you will forfeit that settlement payment, but you still release any claims as provided in Section H above. Any unredeemed checks, as well as any

other unclaimed funds, will be donated to a charity called the Chicago Bar Foundation, a 501(c)(3) organization.

### M. Updating Your Address:

If your name and/or current address are incorrect, or if you move, you must inform the Settlement Administrator. You may update your address by mailing to: *Villa-Cortez v. Altak* Settlement Administrator, PO Box 10069, Tallahassee, FL 32302-2069 or by calling (855) 401-0042.

## III. CLASS REPRESENTATIVE AND CLASS COUNSEL SUPPORT OF THE SETTLEMENT

The Class Representatives and Class Counsel support the Settlement. Class Members will receive their share of the Net Settlement Fund based on the number of weeks they performed services as a Homeworker between January 24, 2012 and June 29, 2016. Class Counsel believes this to be a good result for the Class, especially in light of the risk of denial of class certification, the risk of a trial on the merits, and the inherent delays and uncertainties associated with litigation. Based on Class Counsel's experience litigating similar cases, Class Counsel believes that further proceedings in this case, including a trial and probable appeals, would be very expensive and protracted. No one can confidently predict how the various legal questions at issue, including the amount of damages, would ultimately be resolved. Therefore, upon careful consideration of all of the facts and circumstances of this case, Class Counsel believes that the Settlement is fair, reasonable, and adequate.

## IV. WHAT ARE YOUR RIGHTS AS A CLASS MEMBER?

As a Class Member, you can participate in the Settlement or request exclusion from the Settlement. If you choose to participate in the Settlement, you can also tell the Court what you do or do not like about the Settlement.

      **A.**      **Participating in the Settlement:**

The Class Representatives and Class Counsel represent your interests as a Class Member. Unless you elect not to participate in the Settlement, you are automatically part of the Class and you will be bound by the terms of the Settlement and any final judgment that may be entered by the Court. You will also be deemed to have released your claims against Altak, Inc. and Miko Kabeshita, as explained in Section II.H, above.  As a member of the Class, you will <u>not</u> be responsible for the payment of attorneys' fees or reimbursement of litigation expenses, other than what is stated above, unless you retain your own counsel, in which event you will be responsible for your own attorneys' fees and costs. By participating in the Settlement, you will have been deemed to have given the Settlement Administrator, Settlement Services, Inc., permission to utilize your Social Security number to facilitate distribution of your Net Settlement Award and IRS Forms associated with the distribution of your share of the Net Settlement Award.

      **B.**      **Commenting in Favor of the Settlement:**

You may comment in favor of the Settlement in writing and by appearing in person at the final approval hearing, which will be held on October 18, 2016 at 11:00 a.m. To do so, you must submit a written notice of your comments and/or your intent to appear and comment in favor of the Settlement at the final approval hearing no later than September 30, 2016. **Your notice must include the Case Name and Case Number:** *Maria Villa-Cortez, Xochitl Vargas, and Agustina Trujillo-Villegas v. Altak, Inc. and Miko Kabeshita,* **Case No. 15-C-00725, and should also include your full name, address, telephone number, and the last 4 numbers of the Social Security number you used while you performed work for Altak**.

| Send your comments to: | Also send copies of your notice to: |
|---|---|
| Clerk of Court | *Villa-Cortez v. Altak* |
| United States Courthouse | Settlement Administrator |
| 219 S. Dearborn Street, Room 802 | PO Box 10069 |
| Chicago, Illinois 60602 | Tallahassee, FL 32302-2069 |

**C.     The Difference Between Objecting and Excluding:**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class, and you do not want to receive your portion of the Settlement money. If you exclude yourself, you will not receive any Settlement payment and will have no basis to object because the case no longer affects you.

**D.     Objecting to the Settlement:**

You may tell the Court you do not like the Settlement or some aspect of it before final approval, either by filing a written objection or filing a notice of your intent to appear and object at the final approval hearing. However, if the Court rejects your objection, you will still be bound by the terms of the Settlement. To object, you must mail a written notice of objection or a written notice of your intent to appear and object at the final approval hearing to the Court and to the Settlement Administrator. **Your notice must include the Case Name and Case Number** *Maria Villa-Cortez, Xochitl Vargas, and Agustina Trujillo-Villegas v. Altak, Inc. and Miko Kabeshita,* **Case No. 15-C-00725, and should also include your full name, address, telephone number, and the last 4 numbers of the Social Security number you used while you performed work for Altak.**

| Send your notice to: | Also send copies of your notice to: |
|---|---|
| Clerk of Court | *Villa-Cortez v. Altak* |
| United States Courthouse | Settlement Administrator |
| 219 S. Dearborn Street, Room 802 | PO Box 10069 |
| Chicago, Illinois 60602 | Tallahassee, FL 32302-2069 |

Any written objection and/or notice of your intent to appear at the hearing must state each

specific reason in support of your objection and any legal support for each objection. To be valid and effective, any written objections and/or notices of intent to appear at the hearing must be postmarked no later than September 30, 2016. A Class Member who fails to file and serve a written statement of objection in the manner described above and by the specified deadline will be deemed to have waived any objections and will be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

      E.      **Excluding Yourself from the Settlement:**

If you want to retain your legal rights to pursue your own claim, then you must take steps to get out of the Class. If you exclude yourself from the Class, you will not participate in the Settlement or receive any portion of the Settlement money. In order to exclude yourself, you <u>must</u> send a written request for exclusion to the Settlement Administrator by September 30, 2016 to:

*Villa-Cortez v. Altak*
Settlement Administrator
PO Box 10069
Tallahassee, FL 32302-2069

**Your request for exclusion must include the Case Name and Case Number:** *Maria Villa-Cortez, Xochitl Vargas, and Agustina Trujillo-Villegas v. Altak, Inc. and Miko Kabeshita,* **Case No. 15-C-00725, and also should include your full name, address, telephone number, and the last 4 numbers of the Social Security number you used while you performed work for Altak.** A Class Member who fails to send a written request for exclusion by September 30, 2016, will be bound by all terms and conditions of the Settlement approved by the Court, regardless of whether he or she has objected to the Settlement.

Any person who properly submits a request for exclusion will no longer be a member of the Class and will not receive any portion of the Settlement. Any such person, at his or her own

expense, may pursue any claims he or she may have against Atalk or Miko Kabeshita.

## V. FINAL SETTLEMENT APPROVAL HEARING

The Court will hold a final approval hearing on October 18, 2016 in Courtroom 1919, Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60602 at 11:00 a.m., to determine whether the settlement should be finally approved as fair, reasonable, and adequate. The Court will also be asked to approve Class Counsel's request for costs and attorneys' fees and the service payments made to the Class Representatives

The hearing may be postponed without further notice to the Class.  **It is not necessary for you to appear at this hearing. If you have given notice of your comments in favor of the settlement, or your objection to the settlement, you may appear at the hearing at your option so long as you have mailed a notice of intent to appear postmarked on or before September 30, 2016 to the Clerk of the Court and the Settlement Administrator.  Their addresses can be found on pages 9 and 10 of this Notice.**

## VI. GETTING MORE INFORMATION

The above is a summary of the terms of the Settlement. If you wish, you can review the Settlement Agreement by contacting Class Counsel, Valentin T. Narvaez, Consumer Law Group, LLC, 6232 N. Pulaski, Suite 200, Chicago, IL  60646, by United States Mail or by telephone at (312) 878-1302. The pleadings and other records in this litigation, including the Settlement Agreement, may be examined at any time during regular business hours by contacting Class Counsel.

**PLEASE DO NOT CONTACT THE COURT OR DEFENDANTS' COUNSEL
FOR INFORMATION REGARDING THIS SETTLEMENT.**