# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Maria Villa-Cortez, Xochitl Vargas, and Agustina Trujillo-Villegas individually and on behalf of other employees similarly situated, Plaintiffs<br>v.<br>Altak, Inc. and Miko Kabeshita, individually, Defendants | Case No. 1:15-cv-00725<br>Judge: Hon. Robert M. Dow, Jr.<br>Magistrate: Hon. Sheila Finnegan |

**DECLARATION OF VALENTIN T. NARVAEZ**

I, Valentin T. Narvaez, declare and state under penalty of perjury, as follows:

1.  I am a member in good standing of the Illinois State Bar and am Senior Counsel at Consumer Law Group, LLC.

2.  All the facts stated herein are true and correct and are within my personal knowledge.

3.  I submit this declaration in support of Plaintiffs' Motion for Final Approval of Settlement Agreement and Petition for an Award of Attorneys' Fees and Costs.

4.  On January 24, 2015, Maria Villa-Cortez filed this action in the United States District Court for the Northern District of Illinois, Eastern Division, on behalf of herself and others similarly situated, alleging that Defendants violated the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"). She alleged Defendants violated the FLSA and IMWL by paying employees less than minimum wage and by failing to pay premium compensation at a rate not less than one and one half times the regular rate at which they were employed for hours worked in excess of forty hours weekly. On March 3, 2015, a First Amended Complaint was filed to add Xochitl Vargas and Agustina Trujillo-Villegas as Named Plaintiffs. On the same day, Plaintiffs also filed a Motion to Certify a Class Action. The Parties did not brief that motion, and it was entered and continued by this Court.

Page 1 of 3

Plaintiffs' Motion to Certify a Class Action was re-filed on March 25, 2016. The parties engaged in good-faith settlement discussions for several months, and in light of said good-faith settlement discussions, Defendants filed joint motions for extensions of time to continue Defendants' responsive pleading due date. To date, Defendants have not filed any answer.

5. On February 17, 2015, the Parties discussed the prospect for early settlement discussions on a class basis. Plaintiffs' counsel requested that Defendants produce records to assist settlement discussions.

6. On May 22, 2015, Defendants produced voluminous payroll summaries and production detail for two hundred and eighty eight ("homeworkers") who worked for Defendants as independent contractors assembling vehicle parts from home for the years 2012, 2013, and 2014. Plaintiffs' counsel reviewed that information thoroughly.

7. On June 3, 2015, Defendants supplemented their production with a sampling of tickets that homeworkers completed, signed, and dated indicating the total number of pieces given to the homeworkers and number of pieces assembled by the homeworkers and returned to Defendants. Plaintiffs' Counsel then prepared a damage model and issued a class-wide settlement demand on September 9, 2015.

8. The parties continued settlement discussions and exchanged monetary demands and offers between September 2015 and February 2016. On February 18, 2016 the parties agreed to a class-wide settlement amount of $363,000.

9. The Parties further negotiated the non-monetary terms of the Settlement and reached an agreement. The Settlement provides for 60% of the maximum wage loss suffered by Class Members.

10. Based on the information available to me in this case, the strengths and weaknesses of the Plaintiffs' case, and my experience litigating wage and hour lawsuits, I believe the settlement reached in this case is fair, reasonable, and adequate.

11. Class Counsel seeks a Service Award for each Class Representative in the amount of $10,000.00. The Class Representatives made substantial contributions to this case's outcome. Without each individual Class Representative's efforts, the Settlement would not have been achieved to the benefit of absent Class Members. Therefore, the Service Awards are justified.

12. Class Counsel executed a fee arrangement with the Plaintiffs that entitled Class Counsel to a 40% contingency fee. The fee arrangement provided that if the Plaintiffs obtained no remedy, Class Counsel would receive no compensation. Class Counsel took the risk of obtaining no recovery whatsoever.

13. A general release is not required of Class Members (except the Named Plaintiffs) to participate in the settlement. The amounts allocated to each Class Member compensate asserted claims resolved by the lawsuit, and any other Class Members' claims are unaffected.

14. Based on Class Counsel's experience, skill, typical contingent fee arrangement, and the excellent result obtained, Class Counsel's requested percentage of the Settlement Fund is reasonable.

15. My firm incurred $680.00 in costs since the inception of this case including process server fees and the Court's filing fee, which were necessary to litigate and settle this case.

Further, the affiant sayeth not. Executed this 7th day of October 2016.

_____

Valentin T. Narvaez