**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARIA VILLA-CORTEZ, Xochitl Vargas, and Agustina Trujillo-Villegas, individually and on behalf of other employees similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:15-cv-00725 |
| v. | ) ) ) | Honorable Judge Robert M. Dow, Jr. Magistrate Judge Sheila Finnegan |
| ALTAK, INC. and MIKO KABESHITA, individually, | ) ) ) ) | |
| Defendants. | ) | |

**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT AND PETITION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**

This matter coming before the Court on Plaintiffs Maria Villa-Cortez, Xochitl Vargas and Agustina Trujillo-Villegas' ("Plaintiffs" or "Class Representatives") unopposed Motion for Final Approval of Settlement Agreement and Petition for an Award of Attorneys' Fees and Costs (the "Motion") (Dkts. 67-68).

1.     On July 6, 2016, the Court granted preliminary approval of the Parties' Unopposed Motion for Preliminary Approval of the Parties' settlement as set forth in the Joint Stipulation and Agreement to Settle Class Action Claims (the "Settlement Agreement"). Dkts. 57, 59.

2.     As provided in Paragraph 15, the Court's preliminary approval Order (Dkt. 59 as amended by Dkt. 64), Plaintiffs filed the Motion, along with a Memorandum of Law In Support of the Motion and declarations in support of same. Dkts. 67-68.

IT IS HEREBY ORDERED THAT:

3.      Based on the Court's review of the Motion, the supporting Memorandum of Law, and the Declarations of Valentin T. Narvaez and Mark Patton, the Court grants final approval of the settlement memorialized in the Settlement Agreement (Dkt. 57) and that all of the terms in the Settlement Agreement are incorporated in this Order.

4.      For settlement purposes, the Court certifies the following class under Fed. R. Civ. P. 23(e) for their claims under the Illinois Minimum Wage Law, the Illinois Wage Payment and Collection Act and the Fair Labor Standard Act ("Settlement Class"):

> All persons who performed services for Defendants as Homeworkers between January 24, 2012 and June 29, 2016.

5.      The Settlement Class meets all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3) and Section 216(b) of the Fair Labor Standards Act.  Federal Rule of Civil Procedure 23(a)(1) is satisfied because there are approximately 288 members of the Settlement Class, and thus, joinder is impracticable.

6.      Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because Plaintiff and the Settlement Class share common issues of fact and law, including whether Defendants misclassified them as non-employees and thereby failed to pay them minimum wage and overtime pay in violation of state wage and hour laws, and failed to keep accurate records of time worked – all of which Defendants deny.

7.      Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claims for minimum wage and overtime pay arise from the same factual and legal circumstances that form the base of the Settlement Class' claims.   Plaintiffs also satisfy Federal Rule of Civil Procedure 23(b)(3).  Members of the Settlement Class' common factual allegations and common legal theory – that Defendants allegedly misclassified them, thus violating federal and state wage

and hour laws by failing to pay them for minimum wage and overtime pay – predominates over any factual or legal variations among class members.

8.     Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because Plaintiff does not have "antagonistic or conflicting claims with other members of the class."

9.     The Court previously appointed Valentin T. Narvaez and Raisa Alicea of Consumer Law Group as Class Counsel. Class Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and the Settlement Class' claims. The work that Class Counsel has performed both in litigating and settling this case demonstrates their commitment to representing the Settlement Class' interests.

10.     The Court awards Class Counsel's attorneys' fees in the amount of $109,000.00, which is less one-third of Qualified Settlement Fund, plus $680.00 in costs and expenses reasonably expended litigating and resolving the lawsuit. The fee award is justified by the work that Class Counsel did negotiating the settlement and conducting the litigation, the ultimate recovery, and the risk that Class Counsel undertook in bringing the claims. The Court also awards the Settlement Claims Administrator's fees of $13,850.00. All of these amounts shall be paid from the Qualified Settlement Fund.

11.     Based on the representations of counsel, both in written submissions and orally at the fairness hearing, the Court finds reasonable the service award for Plaintiffs Maria Villa-Cortez, Xochitl Vargas and Agustina Trujillo-Villegas in the amount of $10,000.00 each in recognition of the considerable services that they rendered on behalf of the Settlement Class. These amounts shall be paid from the Qualified Settlement Fund.

12.     The Settlement Agreement is the product of contested litigation to resolve a *bona fide* dispute between the Parties as to whether Plaintiffs and the Settlement Class were correctly

classified as non-employees and/or whether the Settlement Class are owed any compensation under the Fair Labor Standards Act, Illinois Minimum Wage Law or the Illinois Wage Payment and Collection Act.

13.     The Court also finds that the Settlement Agreement is the result of extensive, arms'-length negotiations.

14.     The Court finds that the objection filed by Erminia Guerrero (Dkt. 66) is waived because she did not comply with Paragraph 14 of the Court's preliminary approval order by failing to submit written objections and briefs in support thereof explaining the basis for the objection, such as why the proposed settlement should not be approved, why the judgment should not be entered, why attorneys' fees and costs should not be awarded, and/or why the Class Representatives should not receive a service award. Additionally, neither Ms. Guerrero nor an attorney representing her appeared at the final approval hearing.

15.     The claims released are contained in Paragraph 3 of the Settlement Agreement. Dkt. 57. The Settlement Agreement is a final, fair, reasonable, adequate, and binding release of the Fair Labor Standards Act and other state and federal claims by members of the Settlement Class as provided in Paragraph 3(b)-(d) who negotiate their settlements checks, except Rosemary Campos who timely excluded herself. The Effective Date of the release of opt-in class members' Fair Labor Standards Act claims is the date that they negotiate their settlement checks (provided that there is no appeal), and the Effective Date of the release of Rule 23 Class Members' claims means the first date after the date of this Order is no longer appealable, or if an appeal has been filed, the date on which the appeal is final. Class Members who negotiate their settlement checks also irrevocably consent to join and opt-in to the FLSA collective action in this lawsuit. Defendants will file with the Court proof of the consent under the Fair Labor Standards Act.

16.     The Settlement Claims Administrator will disburse settlement checks to members of the Settlement Class who have not excluded themselves, Class Counsel's attorneys' fees and costs, the cost of the Settlement Administrator and the Court-approved service award within 44 days of the "Effective Date."

17.     Members of the Settlement Class have one hundred and eighty (180) days to endorse their settlement check. As explained in the notice approved by the Court and sent to all class members, any unclaimed monies remaining in the Qualified Settlement Fund will be contributed to the Chicago Bar Foundation twenty-one (21) days after the check endorsing deadline has passed.

18.     The Court dismisses the lawsuit without prejudice and with leave to reinstate within 200 days after the Effective Date of the Settlement Agreement, during which time the Court will retain jurisdiction to allow Defendants' counsel to file Class Members' signed endorsements with the Court, which serve as Class Members' FLSA consents to join. After the deadline for reinstating the case, the dismissal will convert to a dismissal with prejudice without any further action by the Court unless a motion to reinstate the case is filed or the date for filing such a motion is extended by further order of the Court.

19.     The Parties shall abide by all terms of the Settlement Agreement and this Order.

Dated: October 26, 2016

_____
Robert M. Dow, Jr.
United States District Judge